UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL JESUS MAGANA,<br><br>        Plaintiff,<br><br>    v.<br><br>GARY REDMAN,<br><br>        Defendant. | No.  2:23-cv-0016 CKD P<br><br><br>ORDER |

      Plaintiff is proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

      When plaintiff submitted his complaint, he was a prisoner at the Amador County Jail.  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1 Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5 Cir. 1989); Franklin, 745 F.2d at 1227.

6 In order to avoid dismissal for failure to state a claim a complaint must contain more than
7 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
9 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
11 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
12 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
14 at 678. When considering whether a complaint states a claim upon which relief can be granted,
15 the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and
16 construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
17 U.S. 232, 236 (1974).

18 The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
19 which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The
20 court will, however, grant leave to file an amended complaint.

21 If plaintiff chooses to amend the complaint, plaintiff must take care to write clearly and
22 legibly. His original complaint is difficult, at times impossible, to understand.

23 Plaintiff must demonstrate how the conditions complained of have resulted in a
24 deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
25 Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant
26 is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative
27 link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode,
28 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in

civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff appears to complain about the grievance process at the Amador County Jail. Prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.

Plaintiff also seems to complain about harmful conditions of confinement.  A prison official may be held liable for harmful conditions only where an inmate can show he suffered a sufficiently serious injury as a result of those conditions, and that the prison official was deliberately indifferent to the risk of harm presented by the conditions.  Farmer v. Brennan, 511 U.S. 825, 833, 837 (1994).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an

/////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 26, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
maga0016.14